**Robert SPITZLER, Plaintiff-Appellant,**

v.

**NEW YORK POST CORPORATION,
Defendant-Appellee.**

**No. 657, Docket 79-7741.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 23, 1980.

Decided April 9, 1980.

Murray A. Gordon, New York City (Gordon & Shechtman, P. C., New York City, on brief), for plaintiff-appellant.

Ira Lee Sorkin, New York City (Squadron, Ellenoff, Plesent & Lehrer, New York City, on brief), for defendant-appellee.

Before OAKES, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

PER CURIAM:

The issue on this appeal is whether an employer violates the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* by contracting with its employee for a severance pay benefit calculated by taking a credit for the actuarial value, at the time of discharge, of an employee's vested interest in a pension plan. Robert Spitzler at age 47 was discharged by the New York Post Corporation[1] after 17 years of service. The Post's severance pay plan, as revised in 1977, entitled him to $55,000, based on length of service and salary at discharge, less the actuarial value of his vested interest in the Post's pension plan. At the time of Spitzler's discharge, his vested interest in pension benefits payable starting at age 55 was worth $26,112. He therefore received $28,888 as severance pay. Spitzler sued for $26,112, the difference between the sum he had received and the "full" value of his severance pay, *i.e.*, $55,000, alleging that "reducing" his severance pay by the value of his vested pension benefit violated ERISA in two respects. First, he claimed there had been a forfeiture of his vested pension benefit in violation of § 203(a) of ERISA,[2] 29 U.S.C. § 1053(a). Second, he claimed that his interest in the pension fund had been diverted to the benefit of his employer in viola-

---

1. The New York Post Corporation, defendant herein, is now known as News Group Publications, Inc.

2. ERISA, § 203(a) provides:

Each pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age . . . . .

tion of § 403(c)(1) of ERISA,[3] 29 U.S.C. § 1103(c)(1). The District Court for the Southern District of New York (Charles L. Brieant, Judge) rejected both contentions and entered judgment for the defendant.[4] *Spitzler v. New York Post Corp.*, 476 F.Supp. 386 (S.D.N.Y.1979). We affirm substantially on Judge Brieant's opinion.

Spitzler's severance pay agreement is entirely contractual, and he does not contend that it creates an ERISA pension plan. When the Post revised its contract with Spitzler to include in the calculation of severance pay an off-set for the actuarial value of his vested pension interest, it did not impair any rights protected by ERISA. Spitzler remains eligible to receive his full pension benefits beginning at age 55. This case is therefore unlike *Utility Workers Union v. Consumers Power Co.*, 453 F.Supp. 447 (E.D.Mich.1978), which held that vested pension benefits could not be reduced by the amount of workmen's compensation benefits. But see *Buczynski v. General Motors Corp.*, 616 F.2d 1238 (3d Cir. 1980) (permitting compensation payments to reduce pension benefits).

ERISA protects the integrity of pension benefits. It does not guarantee that non-pension benefits may not be adjusted in light of either future pension benefits or the present value of such benefits. Whether the adjustment to the severance pay agreement denied Spitzler any enforceable contract rights is not an issue in this litigation. Only Spitzler's ERISA claims have been adjudicated.

Affirmed.

---

3. ERISA, § 403(c)(1) provides:
   Except as provided in paragraph (2) or (3) or subsection (d) of this section, or under section 1342 and 1344 of this title (relating to termination of insured plans), the assets of a plan shall never inure to the benefit of any employer and shall be held for the the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.

4. The District Court ruled that Spitzler had failed to state a claim on which relief under ERISA could be granted. The defendant's motion under Fed.R.Civ.P. 12(b)(6) was treated as a motion for summary judgment.