**David C. HEPPLE, Appellant,**

v.

**ROBERTS & DYBDAHL, INC., Restated Employee Profit-Sharing Plan, Appellee.**

No. 79–2052.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1980.

Decided June 3, 1980.

---

W. Don Brittin, Jr., Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, Iowa (argued), and F. L. Burnette, II, Des Moines, Iowa, on brief, for appellant.

Donald B. Strater, Des Moines, Iowa (argued), E. Eugene Davis, Lorraine J. May, Des Moines, Iowa, and Gene N. Fuller, of Larkin, Hoffman, Daly & Lindgren, Minneapolis, Minn., on brief, for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and WRIGHT,* District Judge.

ARNOLD, Circuit Judge.

David C. Hepple brought this action to recover benefits allegedly due under his former employer's Employee Profit Sharing Plan and Trust. The company had denied Hepple any benefits because of his violation of a non-competition clause contained in the Plan. On cross-motions for summary judgment the District Court (the Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa) held that the clause did not violate the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C § 1001 et seq., and granted summary judgment for defendant. We affirm.

Plaintiff was employed by Roberts & Dybdahl, Inc., for less than five years and had acquired six years of covered service under the Plan. After voluntarily leaving Roberts & Dybdahl, he immediately went to work for a competing company. Because of this competition with Roberts & Dybdahl the balance in his Employer Contribution Account was declared forfeited, and his request for payment was refused.

The question presented is whether pension plan benefits in excess of the minimum vesting requirements of ERISA may be forfeited for violation of a non-competition clause. Put another way, the question is whether Paragraph 7.2 of the Plan, which provides for forfeiture of employer contributions for the benefit of employees with less than ten years of service who later compete with the employer, is void as a prohibited forfeiture of vested rights in violation of 29 U.S.C. § 1053(a). That statute sets out the minimum vesting requirements for employee benefits under ERISA. It provides, in part:

(a) Each pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age and in addition shall satisfy the requirements of paragraphs (1) and (2) of this subsection.

(1) A plan satisfies the requirements of this paragraph if an employee's rights in his accrued benefit derived from his own contribution are nonforfeitable.

(2) A plan satisfies the requirements of this paragraph if it satisfies the requirements of subparagraph (A), (B), or (C).

(A) A plan satisfies the requirements of this subparagraph if an employee who has at least 10 years of service has a nonforfeitable right to 100 percent of his accrued benefit derived from employer contributions.

---

* The Hon. SCOTT O. WRIGHT, United States District Judge for the Western District of Missouri, sitting by designation.

It is undisputed that the Plan involved in this action meets these minimum requirements. It provides that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age, that an employee's own contributions are nonforfeitable, and that an employee with at least ten years of service has a nonforfeitable right to 100 percent of benefits from employer contributions.

The problem presented here involves an employee's rights to accrued employer benefits under § 1053(a)(2)(A) when his employment is terminated with less than ten years of covered service. Under Article 7 of the Plan an employee becomes entitled to accrued employer benefits upon the happening of an "event of maturity." If that event of maturity is normal retirement, disability, death, or plan termination, Section 7.2 provides that the employee's Employer Contribution Account is fully vested and nonforfeitable regardless of the number of years of covered service. If the account matures because of termination of employment, as in Hepple's case, the following provision applies:

7.3) Termination of Employment –

(01) Vesting Schedule – In case of termination of employment in the manner provided in Subsection 7.1(04), a Participant shall be entitled to receive the percentage of his Accrued Benefit as is shown in the table below for the number of completed years of Covered Service, such amount being sometimes herein referred to as his "vested interest":

| Years of Covered Service | Percentage of Interest Vested |
| --- | --- |
| Less than 2 years | 0% |
| 2 years, but less than 3 | 20% |
| 3 years, but less than 4 | 30% |
| 4 years, but less than 5 | 40% |
| 5 years, but less than 6 | 50% |
| 6 years, but less than 7 | 60% |
| 7 years, but less than 8 | 70% |
| 8 years, but less than 9 | 80% |
| 9 years, but less than 10 | 90% |
| 10 years and over | 100% |

This section is qualified by the following exception found in Section 7.2:

Notwithstanding anything herein to the contrary, any Employee who is discharged because of admitted or judicially proven fraud or dishonesty toward the Employer, or any Employee employed as a buyer or in an executive, supervisory or selling capacity who voluntarily ceases to be an Employee prior to his Normal Retirement Date and within one (1) year of such Termination of Employment accepts employment with a competitor in direct competition with the Employer within the state of his principal place of employment with the Employer or within states geographically bordering the principal place of his employment with the Employer or enters into such direct competition on his own behalf shall forfeit all benefits otherwise payable to him under this Plan to the extent said benefits are derived from Employer Contributions. Provided, however, that forfeiture for cause hereunder will occur only if the employee has completed less than ten (10) years of Covered Service with the Employer.

Read together, Sections 7.2 and 7.3 give an employee whose employment with the company is terminated before he completes ten years of covered service a gradually increasing accrued interest in his Employer Contribution Account. This interest, however, is contingent on the conditions that he not commit fraud against the company or compete with the company within one year. Plaintiff contends that such a condition works an impermissible forfeiture under ERISA. In order to prevail, plaintiff has to show that he has been deprived of a benefit that ERISA makes nonforfeitable.

A primary purpose of ERISA is to protect participants in private pension plans by requiring such plans "to vest the accrued benefits of employees with significant periods of service." 29 U.S.C. § 1001(c). In order to facilitate this purpose, Congress enacted 29 U.S.C. § 1053, which sets out the minimum vesting requirements of the Act. Under the kind of plan involved in this case, which provides for 100% vesting of employer's contributions after ten years of covered service, there is no requirement in the statute for vesting of any lesser percentage of

benefits before the required ten years of service.

(A) A plan satisfies the requirements of this subparagraph if an employee who has at least 10 years of service has a nonforfeitable right to 100 percent of his accrued benefit derived from employer contributions.

29 U.S.C. § 1053(a)(2)(A).[1] To require that a certain percentage of accrued benefits be nonforfeitable at any date prior to ten years of service would be to read something into the Act that is simply not there.

What is not allowed is the use of any condition to defeat an employee's rights to the benefits guaranteed by the minimum vesting standards of the Act. In the present case, the Plan's non-competition clause would be void under the Act if it affected the rights of employees with ten or more years of service. This it does not do.[2] We can find nothing in the Act which would prohibit a plan's providing for forfeiture of benefits when the affected benefits are in excess of the minimum vesting requirements of 29 U.S.C. § 1053. In the case of the Roberts & Dybdahl plan, employees are given a conditional interest in their Employer Contribution Accounts until they have completed ten years of covered service. At that time the interest becomes vested and nonforfeitable for any reason other than those enumerated in 29 U.S.C. § 1053(a)(3).[3]

Plaintiff relies on a statement which appears in varying form in Congressional committee reports on the bills that became ERISA. After discussing the permissible forfeitures found in 29 U.S.C. § 1053(a)(3), the report of the House Committee on Ways and Means continues:

With the limited exceptions noted above, no rights, *once they are required to be vested,* may be lost by the employee un-

der any circumstances . . . For example, a vested benefit is not to be forfeited because the employee later went to work for a competitor, or in some other way was considered "disloyal" to the employer.

H.R.Rep.No.93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News, pp. 4639, 4725–26 (emphasis added). On the other hand, the Conference Report on the bill that finally became law states the following:

Under the conference substitute, except as outlined below, *an employee's rights, once vested,* are not to be forfeitable for any reason. An employee's rights to benefits attributable to his own contributions may never be forfeited.

H.R.Conf.Rep.No.93–1280, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, p. 5052 (emphasis added). Plaintiff argues that these reports, including especially the omission of the phrase *"required* to be vested" in the Conference Report, indicate Congressional intent to prohibit all non-competition clauses in private pension plans. We are not persuaded that such a thin reed is a sufficiently strong basis on which to override the apparently plain meaning of the statute.

Throughout the committee reports run the countervailing concepts of protecting employees' rights by the use of minimum vesting standards, while at the same time allowing sufficient flexibility for employers and avoiding unreasonable increases in costs.

In adopting these minimum vesting requirements your committee was guided by two broad considerations. The first relates to the need to balance the protection offered by the minimum vesting provisions against the additional cost in-

---

1. Subparagraph (A) of § 1053(a)(2) is one of three options permitted by ERISA for the vesting of employer contributions. The 10-year 100% vesting is not mandatory, but it is the option chosen by Roberts & Dybdahl. Compare 29 U.S.C. § 1053(a)(2)(B) and (C).

2. Section 7.2 provides ". . . forfeiture for cause hereunder will occur only if the employee

has completed less than ten (10) years of Covered Service with the Employer."

3. Paragraphs (A) through (D) of 29 U.S.C. § 1053(a)(3) set out four permitted types of forfeitures. These exceptions apply to an employee's minimum vested rights and have nothing to do with benefits which exceed the minimum requirements.

volved in financing the plan. Employees, of course, would be accorded the maximum protection if they were granted immediate and full vested rights to plan benefits. However, it is generally recognized that a requirement for immediate and full vesting would not be feasible because it would involve such substantial additional cost that it would impede the adoption of new plans and the liberalization of existing ones.

The second broad consideration guiding the committee in regard to minimum vesting is a need to provide adequate flexibility to the hundreds of thousands of retirement plans, to enable these plans to provide adequate vesting protection to their covered employees in the light of the individual circumstances and conditions confronting them. In other words, the committee does not believe that it would be desirable to force all retirement plans into one rigid mold so far as vesting is concerned.

H.R.Rep.No.93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code and Cong. & Admin.News, pp. 4685–86. Within the limits of the minimum vesting requirements of § 1053(a), employers are given the choice of determining the scope of employees' rights to benefits. In the case of the Roberts & Dybdahl plan, employees are granted rights to their Employer Contribution Account in excess of the minimum requirements of the Act. There is no statutory basis upon which to hold that these rights in excess of the requirements of § 1053(a) must be nonforfeitable. To do so would be to penalize Roberts & Dybdahl for exceeding the minimum requirements of the Act.

The authority to promulgate regulations relating to the minimum vesting requirements of 29 U.S.C. § 1053(a) has been given to the Secretary of the Treasury. 29 U.S.C. § 1202(c). That statute prohibits the Secretary of Labor, who administers the substantive aspects of ERISA, from prescribing other regulations in respect of the vesting requirements, or from applying the Treasury regulations inconsistently with the way they apply under the Internal Revenue Code. In addition, the Treasury regulations have been adopted by the Secretary of Labor for use in interpreting the minimum vesting requirements. 29 C.F.R. § 2530.-200a–2 (1978). One of these regulations provides:

> To the extent that rights are not required to be nonforfeitable to satisfy the minimum vesting standards [of 26 U.S.C. § 411(a), which are the same as 29 U.S.C. § 1053(a)], or the nondiscrimination requirements of Section 401(a)(4), they may be forfeited without regard to limitations on forfeitability required by this section.

Treas.Reg. § 1.411(a)–(4)(a) (1977).[4] This regulation supports the conclusion that Paragraph 7.2 of the Plan does not violate the minimum vesting requirements of ERISA.

Of the many cases cited by the parties, only two deal squarely with the question in this case. In *Fremont v. McGraw-Edison Co.*, 460 F.Supp. 599, 602–03 (N.D.Ill.1978), *aff'd*, 606 F.2d 752, 760 (7th Cir. 1979), plaintiff's employer contribution benefits had been forfeited under a disloyalty clause. The court held that, since he had been employed for less than ten years, the forfeiture was permitted by ERISA. *Accord, Nedrow v. MacFarlane & Hayes Co. Em-*

---

4. The following example is found in Treas.Reg. § 1.411(a)–(4)(c):

> *Example (1).* Corporation A's plan provides that an employee is fully vested in his employer-derived accrued benefit after completion of 5 years of service. The plan also provides that, if an employee works for a competitor he forfeits his rights in the plan. Such provision could result in the forfeiture of an employee's rights which are required to be nonforfeitable under Section 411. If the plan limited the forfeiture to employees who

completed less than 10 years of service, the plan would not fail to satisfy the requirements of Section 411 because the forfeitures under this provision are limited to rights which are in excess of the minimum required to be nonforfeitable under Section 411(a)(2)(A).

See also Department of Labor, *What You Should Know About the Pension and Welfare Law, A Guide to the Employee Retirement Income Security Act of 1974*, 22 (1978).

ployees' *Profit Sharing Plan and Trust*, 476 F.Supp. 934 (E.D.Mich.1979). Our decision in *Winer v. Edison Bros. Stores Pension Plan*, 593 F.2d 307 (8th Cir. 1979), dealt with the forfeiture of benefits of employees with tenures of thirty-three and thirty-eight years, respectively, and is not in point here.

We conclude, on the basis of the plain language of § 1053(a), the relevant legislative history, the applicable Treasury regulations, and the case law, that Paragraph 7.2 of the Plan does not violate the minimum vesting requirements of ERISA, and is therefore a permissible forfeiture of rights granted in excess of the requirements of the Act. The judgment is affirmed.