America HERNANDEZ,
Plaintiff-Appellant,

v.

SOUTHERN NEVADA CULINARY AND
BARTENDERS PENSION TRUST,
Defendant-Appellee.

No. 79–3616.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1981.

Decided Nov. 27, 1981.

Harold M. Hecht, Lehman & Nelson, Las Vegas, Nev., for plaintiff-appellant.

Dennis M. Sabbath, Ashleman, Sabbath & Rohay, Las Vegas, Nev., for defendant-appellee.

Before BROWNING, Chief Judge, NORRIS, Circuit Judge, and TASHIMA,* District Judge.

TASHIMA, District Judge:

This is an appeal from summary judgment granted in favor of defendant Southern Nevada Culinary and Bartenders Pension Trust (the "Trust") after both parties had made cross-motions for summary judgment. The facts are not in dispute.

Appellant filed suit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") (all subsequent statutory references are to ERISA, as codified in 29 U.S.C.), seeking a declaration that she is entitled to receive her husband, Mario Hernandez', pension benefits under the Southern Nevada Culinary and Bartenders Pension Plan (the "Plan"), which is administered by the Trust, and to recover statutory damages under § 1132(c) for appellee's alleged failure to provide an accounting as required by § 1025 and for attorneys' fees under § 1132(g).

The district court found, on uncontroverted facts, that appellant was not entitled to her deceased husband's retirement benefits because Mario Hernandez ("Hernandez") himself never became eligible to receive benefits under the Plan. The court held that although Hernandez' accrued benefits had become 100% vested, "this vested right is not an immediate right" and, since Hernandez died before attaining normal retirement age, the right never "ripened into a pension." It also determined that since Hernandez had no right to pension benefits, his widow had no right to the information required to be furnished by § 1025. We agree with the decision of the district court and affirm.

## FACTS

Appellant is the widow of Hernandez who died on October 16, 1977, at the age of 61 years 9 months. Hernandez was a participant in the Plan and had elected a "joint and survivor option," naming appellant as his joint beneficiary. At the time of his death, he had a 100% vested interest in his accrued pension benefits, as defined by the Plan.

Upon her husband's death, appellant submitted a claim for pension benefits under the Plan as her husband's beneficiary under his "joint and survivor annuity benefit." The claim was denied by appellee on the ground that Hernandez never became eligible for benefits under the Plan because he failed to attain the "normal retirement age" of 62. Appellee also refused to supply appellant with an accounting of the pension benefits earned by Hernandez, although she requested the information on two occasions.

The Plan (Art. III, § 1) provides that an employee shall be eligible to retire on a "regular pension" if he has attained age 62 and has at least 10 years of "pension credit." It is undisputed that under the vesting provisions of the Plan (Art. IV, § 5), Hernandez' "pension credits" had become 100% vested.

With respect to the "joint and survivor annuity benefit," the Plan (Art. VI, § 1) provides:

"An Employee eligible for a Regular Retirement Pension shall receive a monthly benefit for life. Should an Employee predecease his spouse, his spouse will continue to receive 50% of the amount payable to the Employee for the lifetime of the spouse...."

## DISCUSSION

I. *Standard of Review*

Our role in reviewing the grant of summary judgment is to determine whether

---

* Honorable A. Wallace Tashima, United States District Judge, Central District of California, sitting by designation.

there is any genuine issue of material fact and, if there is none, to determine whether the substantive law was correctly applied. *E. g., Program Engineering, Inc. v. Triangle Publications, Inc.*, 634 F.2d 1188, 1192–93 (9th Cir. 1980); *Yazzie v. Olney, Levy, Kaplan & Tenner*, 593 F.2d 100, 102 (9th Cir. 1979). Here, the facts are not in dispute; the questions on appeal are purely legal.

The primary issue presented is whether, under ERISA, the widow of an employee who has elected a "joint and survivor annuity option" and whose right to receive "accrued benefits" has become vested is entitled to receive those benefits after his death, even though the employee died prior to reaching the normal retirement age under the Plan and, thus, never commenced receiving any benefits.

## II. *Appellant's Entitlement to "Accrued Benefits"*

Appellant contends that ERISA contains different minimum vesting standards for "accrued retirement benefits" than for "normal retirement benefits". Although she concedes that the right to "normal retirement benefits" does not become "nonforfeitable" until the employee-participant satisfies both a 10-year service requirement and attains normal retirement age (in this case 62), appellant claims that "accrued retirement benefits" vest and become nonforfeitable as soon as a participant in the Plan has performed the required years of service.

ERISA's minimum vesting standards are contained in § 1053(a), which provides in relevant part:

"Each pension plan shall provide that an employee's right to his *normal retirement benefit* is nonforfeitable upon attainment of normal retirement age and in addition . . . an employee who has at least 10 years of service has a nonforfeitable right to 100 percent of his *accrued benefit* derived from employer contributions." (Emphasis added.)

"Normal Retirement Benefit" is defined in § 1002(22) as

"the greater of the early retirement benefit under the plan, or the benefit under the plan commencing at normal retirement age . . . ."

"Accrued Benefit" is defined in § 1002(23) to mean

"in the case of a defined benefit plan, the individual's accrued benefit determined under the plan and, . . . expressed in the form of an annual benefit commencing at normal retirement age . . . ."

■ Appellant is correct in stating that ERISA's minimum vesting provisions require that the Plan provide that an employee-participant's right to receive his "accrued retirement benefit" become "vested" and "non-forfeitable" when he satisfies its 10-year service requirement. *See Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 449–50 (9th Cir. 1980); *Hepple v. Roberts & Dybdahl*, 622 F.2d 962, 964–965 (8th Cir. 1980). However, she misconceives the nature of the right which becomes vested.

■ In claiming that she is entitled to receive her deceased husband's benefits as his beneficiary, even though he never attained "normal retirement age," appellant implicitly argues that Hernandez had a right to receive his accrued retirement benefits at anytime after he satisfied the 10-year service requirement and before he reached 62, the normal retirement age. However, ERISA gives an employee-participant no vested right *to receive* pension benefits until he reaches normal retirement age. § 1053(a); *Hurn v. Retirement Fund Trust of Plumbing, etc.*, 648 F.2d 1252, 1253–54 (9th Cir. 1981); *Spitzler v. New York Post Corp.*, 476 F.Supp. 386, 389–90 (S.D.N.Y.1979), *aff'd*, 620 F.2d 19 (2d Cir. 1980); *Riley v. MEBA Pension Trust*, 452 F.Supp. 117, 120 (S.D.N.Y.1978), *aff'd*, 586 F.2d 968 (2d Cir. 1978); *see Capocci v. General Motors Corp.*, 444 F.Supp. 1306, 1307–08 (D.Haw.1978). Moreover, other provisions of ERISA and its legislative history indicate that Congress never intended to impose upon a plan a requirement that any benefits be payable before age 65. *Riley v. MEBA Pension Trust, supra*, 452 F.Supp. at

120; *see* § 1056(a); H.R.Conf.Rep.No.93–1280, 93d Cong., 2d Sess., *reprinted in* 3 [1974] U.S.Code Cong. & Ad.News 5038, 5062. Accordingly, we hold that ERISA's minimum vesting provisions require only that, once an employee-participant satisfies his pension plan's length of service requirement, his right to receive his vested pension benefits mature on his reaching the normal retirement age contained in the plan.

■ Moreover, the fact that her husband elected the "joint and survivor annuity benefit" is of no help to appellant. As the district court stated:

"Plaintiff's right, if any, to receive funds under the Joint and Survivor Option is a derivative right only and does not arise unless and until the employee-participant becomes eligible for a pension."

The Plan merely allows an employee who is entitled to benefits to elect to receive payment of those benefits in the form of a joint and survivor annuity. The provisions of the joint and survivor option of the Plan (Art. VI) are in accord with the applicable provisions of ERISA, which require only that if a plan provides for benefits to be paid as annuities, it must also provide the option for payment of such benefits in the form of a' qualified joint and survivor annuity. § 1055(a). No independent, vested rights for a non-participating spouse are created by election of the joint and survivor option. *See Carpenters Pension Trust, etc. v. Kronschnabel*, 460 F.Supp. 978, 981–82 (C.D.Cal.1978), *aff'd*, 632 F.2d 745 (9th Cir. 1980).

Appellant's argument, that she is entitled, as Hernandez' joint and survivor beneficiary, to receive his pension benefits even though he never reached normal retirement age, is without merit.

### III. *There Has Been No Impermissible Forfeiture*

■ Appellant contends that appellee's refusal to pay her her joint and survivor benefits has resulted in a forfeiture prohibited by § 1053(a)(3)(A), which provides:

"A right to an accrued benefit derived from employer contributions shall not be treated as forfeitable solely because the plan provides that it is not payable if the participant dies . . . ."

Appellant would have us interpret this provision so as to make it applicable only if a pension plan contains an express provision stating that vested accrued benefits are not payable if the participant dies before reaching normal retirement age. The Plan contains no such specific, negative provision.

As pointed out above, however, the Plan (Art. III, § 1) clearly requires a participant to reach age 62 before any benefits are payable. The Plan (Art. V, § 1) further provides, "Benefit payment shall be payable commencing with the first day of the first month which follows the date on which the employee has fulfilled all of the conditions for entitlement to benefits." These provisions are sufficient to meet the requirement of § 1053(a)(3)(A), *i. e.*, the Plan "provides that it [accrued benefits] is not payable if the participant dies" before normal retirement age. The purpose of this statute is not to require specific, mandatory language in pension plans, but to permit such plans to provide for non-payment in the described circumstance. This contention is without merit.

### IV. *Appellant's Right to an Accounting*

■ Appellant contends that as the beneficiary of Hernandez, she was entitled to a statement from the administrators of the Plan of the total benefits which Hernandez had accrued and the non-forfeitable pension benefits, if any, which had accrued, because § 1025 requires that such information be furnished to a "plan participant or beneficiary." She argues that since her claim had not been denied at the time she made the demand for information, she was a "beneficiary" entitled to an accounting under § 1025, since "beneficiary" is defined in § 1002(8) as "a person designated by a participant, or by the terms of an employee benefit plan, who is or *may become* entitled to a benefit thereunder." (Emphasis added.)

The district court ruled that as a result of the failure of Hernandez to qualify as a recipient of pension benefits, appellant was not a beneficiary as defined in § 1002(8). We agree. Appellee had no duty to provide information to appellant because she was not entitled to benefits and would never in the future become entitled to benefits; therefore, she was not one who "may become entitled to a benefit" under § 1002(8). *Cf. Nugent v. Jesuit High School,* 625 F.2d 1285, 1285–86 (5th Cir. 1980) (former employee, terminated without vested benefits, not a "participant" in pension plan).

The district court's grant of summary judgment is AFFIRMED.