Agnes **WOODMAN**, Plaintiff,

v.

**INCOM INTERNATIONAL INC.**, Defendant.

Civ. A. No. 80–2411–N.

United States District Court, D. Massachusetts.

April 29, 1983.

Glenn M. Shriberg, Harvey Haskell Harling, Boston, Mass., for plaintiff.

Charles S. Parker, Jr., Herrick & Smith, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

DAVID S. NELSON, District Judge.

This action is brought by Agnes Woodman to compel Incom International Inc. (Incom), the employer of her deceased husband, to pay her a survivor pension. Walter Woodman was employed by Boston Gear Inc., a division of Incom, from November 15, 1950 until his death on November 16, 1979, a total of twenty-nine years. Beginning August 7, 1971, Mr. Woodman was a member of defendant's pension plan (the Boston Gear Plan), maintained pursuant to a collective bargaining agreement between the company and the local Steelworkers union. At the time of his death he was fifty-three years, six months old and in active service at Boston Gear. In a two-pronged argument, Mrs. Woodman claims entitlement to a survivor pension both under the terms of the pension contract and under applicable federal law as set forth in the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Jurisdiction is predicated on 28 U.S.C. § 1331.

The defendant seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. I agree that this matter is suitable for summary judgment, as the parties' submissions disclose no disputed issue of fact which is both genuine and material. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir.1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). The parties agree on Mr. Woodman's age at the time of death and on his length of service with the company. The only issues remaining concern the legal interpretation of the pension contract and the sufficiency of the Plan under the demands of ERISA. For the reasons set forth below I find that summary judgment must enter for Incom on both claims.

## THE PLAN

The Boston Gear Plan makes no explicit provision for payment of a survivor pension

to Mrs. Woodman. Section 6.2 is the only provision that specifies when a surviving spouse receives benefits. It states:

> Any active participant who is age 55 or more and has 15 or more years of Credited Service or who is a retired participant but is under age 65, shall be entitled to the following benefit payable, upon his death prior to retirement and age 65, to his surviving spouse. . . .

Mr. Woodman, as noted above, was below the age of 55 and was not retired at the time of his death. In an attempt to fit within this language, plaintiff contends that her husband was eligible for retirement at the time of his death under the Plan's so-called "70/80" provision, and that such eligibility was the equivalent of actually being retired for the purposes of section 6.2—thereby entitling her to survivor benefits. Neither of these contentions has merit.

The 70/80 provision for retirement is found at section 4.5 of the Plan.[1] It allows for early retirement of employees whose age and years of service to the company combine to achieve a certain threshold. In addition to meeting this formulaic test, an employee claiming under this provision must also satisfy several other requirements. I find that Mr. Woodman had not qualified for section 4.5 retirement at the time of his death.

The parties agree that Mr. Woodman's combined age and years of service equal or exceed eighty years. However, Mr. Woodman meets none of the additional requirements set forth in section 4.5(ii). Mr. Woodman worked steadily throughout his career at Boston Gear, including the day before his death. His service was not broken by a plant shutdown or layoff or physical disability. He was never on layoff status, either elective or non-elective, and he was never physically disabled. Finally, although Mr. Woodman might have qualified for retirement if he had applied to the company pursuant to section 4.5(ii)(c), this was an option he never exercised. Thus at the time of his death he was not entitled to receive 70/80 retirement benefits.

This conclusion disposes of Mrs. Woodman's survivor claim under section 4.5, in that any potential benefits to her could only derive from those to which her husband was entitled. However, even if I had found Mr. Woodman "eligible" pursuant to section 4.5, the Plan does not provide a survivor benefit in the face of unrealized eligibility of the wage earner. Section 6.2, quoted above, is the exclusive Plan provision for death benefits payable to survivors. A reasonable interpretation of this section mandates that a survivor's eligibility turn on whether the employee was actually a "retired participant" at the time of his

---

1. 4.5 *70/80 Retirement.* Any Participant who shall have had at least fifteen (15) years of Credited Service and (i) shall have attained the age of 55 years and whose combined age and years of Credited Service shall equal 70 or more, or (ii) whose combined age and years of Credited Service shall equal 80 or more, and

  (a) whose Service is broken by reason of a permanent shutdown of a plant, department or subdivision thereof or by reason of a layoff or physical disability, or

  (b) whose Service is not broken and who is absent from work by reason of

    (1) a layoff resulting from his election to be placed on layoff status pursuant to the provisions of the Basic Agreement applicable in the event of a permanent shutdown, or

    (2) a physical disability or a layoff other than a layoff resulting from an election referred to above and whose return to active employment is declared unlikely by the Company, or

  (c) who considers that it would be in his interest to retire and the Company considers that such retirement would likewise be in its interest and it approves an application for retirement under mutually satisfactory conditions,

shall be eligible to retire on or after September 1, 1977 and shall upon his retirement (herein "70/80 Retirement") be eligible for a pension. Notwithstanding anything to the contrary contained in this Agreement, no pension (including any special payment) provided pursuant to this Section 4.5 shall be payable for any month with respect to which the Participant claims and is eligible for sickness or accident benefits provided under a Company program or similar benefits provided under law.

death, not on whether the wage earner was merely eligible to elect retirement. It is undisputed that Mr. Woodman was not a retired participant at the time of his death. My reading of the Plan therefore precludes Mrs. Woodman from receiving a benefit under any of the proffered theories.

## ERISA CLAIMS

Plaintiff in the alternative contends that the above interpretation of the Boston Gear Plan renders it violative of ERISA. However, an analysis of section 205 of ERISA, 29 U.S.C. § 1055, indicates that the Plan adequately fulfills the statutory requirements for joint and survivor annuity. Section 205(a) requires that a plan providing for benefits to be paid as annuities must also provide the option of payment of such benefits in the form of a qualified joint and survivor annuity. Section 205(b) further stipulates that a plan allowing for payment of benefits before normal retirement age need only pay survivor benefits during the period beginning on the later of two dates: (1) the date the employee reaches the earliest retirement age, or (2) the first day of the 120th month before the employee reaches normal retirement age. A brief analysis of the Boston Gear Plan reveals that it fully comports with these provisions.

■ The term "earliest retirement age," as used in section 205(b)(1), is defined in section 205(g)(2) to mean the "earliest date on which, under the plan, the participant could elect to receive retirement benefits." 29 U.S.C. § 1055(g)(2). For the Plan's participants in general, this date can vary widely; for example, section 4.2 of the Plan enables an employee to retire upon completing thirty years of service, regardless of his or her age at that time. By contrast, the Plan fixes the "normal retirement" date, as used in section 205(b)(2), as the first day of the month following the participant's sixty-

fifth birthday. The 120th month before this date—that following the employee's fifty-fifth birthday—is therefore the later of the two dates specified in section 205(b). It follows that the Boston Gear Plan, in order to comply with this aspect of ERISA, need only provide survivor pensions for all employees reaching age fifty-five—a requirement that the Plan largely satisfies.[2] As Mr. Woodman died before reaching this age, Incom is under no ERISA-imposed obligation to provide a survivor pension to the plaintiff.

■ Plaintiff also alleges that the Plan fails to meet the vesting and forfeiture requirements set forth in section 203(a)(3)(A) of ERISA, 29 U.S.C. § 1053(a)(3)(A):

> A right to an accrued benefit derived from employer contributions shall not be treated as forfeitable solely because the Plan provides that it is not payable if the participant dies (except in the case of a survivor annuity which is payable as provided in Section 1055 of this title).

Section 4.6 of the Boston Gear Plan provides for full vesting of benefits once the employee has completed ten years of service. This complies with the minimum vesting provision of section 203(a)(3)(A). If Mr. Woodman had left Boston Gear before reaching the age of sixty-five, he would have been entitled to receive his accrued pension benefits beginning on his sixty-fifth birthday. However, Mr. Woodman's vested status under section 203(a)(3)(A) does not automatically entitle Mrs. Woodman to a survivor annuity; a survivor must first be eligible pursuant to section 205. As the plaintiff does not qualify under that provision, Boston Gear's failure to pay her a survivor pension is not a forfeiture prohibited by the vesting standard of ERISA. See *Hernandez v. Southern Nevada Culinary*

---

**2.** In one respect, the Plan may contravene this provision. Section 6.2, which authorizes a survivor pension for any participant "who is age 55 and has 15 or more years of Credited Service," seemingly would forbid the award of pensions to the survivors of those employees who had met the age requirement but not the length-of-service requirement, contrary to ERISA. Any such discrepancy between statute and Plan, however, has not been raised by plaintiff and has no bearing on the present case.

*Bartender's Pension Trust,* 662 F.2d 617, 620 (9th Cir.1981).

The Boston Gear Plan, therefore, meets all ERISA demands by designating worker eligibility for survivor pension at age fifty-five. While the court is sympathetic to plaintiff, the requirements of section 6.2 of the Plan must be enforced. The defendant is entitled to judgment as a matter of law.

Defendant's motion for summary judgment is ALLOWED.

SO ORDERED.