**Jerry E. NOELL; L. Randy Isbell; Howard D. McCoy, Plaintiffs-Appellees,**

v.

**AMERICAN DESIGN, INC., PROFIT SHARING PLAN; American, Inc., Defined Benefit Pension Plan, and American Design, Inc., a corporation, and as the Plan Administrator of the American Design, Inc., Profit Sharing Plan and as the Plan Administrator of the American Design, Inc., Defined Benefit Pension Plan, Defendants-Appellants.**

No. 84–7335.

United States Court of Appeals, Eleventh Circuit.

July 2, 1985.

Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Timothy McAbee, Birmingham, Ala., for defendants-appellants.

Dominick, Fletcher, Yeilding, Wood & Lloyd, P.A., Carleton P. Ketcham, Jr., C. Fred Daniels, Birmingham, Ala., for plaintiffs-appellees.

Before JOHNSON and CLARK, Circuit Judges, and LYNNE *, District Judge.

CLARK, Circuit Judge:

In this consolidated case three plaintiffs sought to recover accrued benefits allegedly due under their employer's profit sharing plan and defined benefit plan. The company claimed the benefits were forfeited because of the plaintiffs' violation of a non-competition clause contained in the plans. The district court granted summary judgment in favor of the plaintiffs. For the reasons stated below, we reverse the judgment of the district court.

The facts are not disputed. The plaintiffs were employed by American Design, Inc. (American).[1] American established a profit sharing plan and a defined benefit plan for its employees. Each of the plaintiffs executed agreements to participate and to be bound by the provisions and amendments of the plans. American provided the plaintiffs with written summary descriptions of the plans and its supplements, as well as annual reports.[2] The annual reports contained information regarding the amount of accrued benefits held by each of the plaintiffs in the plans and their vested interest in the accrued benefits.

Prior to rendering ten years of service, the plaintiffs terminated their employment with American and began working for competitors of American. As a result, American informed each of the plaintiffs that their respective accrued benefits under both plans were forfeited because they had each become employed by companies in competition with American in violation of the conditions set forth in paragraph 10.05 of the plans. Paragraph 10.05 provided:

A Participant who has completed less than ten (10) Years of Credited Service shall forfeit his entire Accrued Benefit if it is determined by the Administrator that he has acted in a manner which is prejudicial to the Employer's interest. *A Participant shall be deemed to have acted in a manner prejudicial to the Employer's interest if he competes with the Employer during a period of three (3) years next following his termination of employment; if he is determined by the Administrator to have been guilty of committing theft, fraud or embezzlement with respect to the Employer; and if he is determined by the Administrator to have disclosed or released to third parties the Employer's trade secrets.* The judgment of the Administrator as to whether a Participant has acted in a manner which is prejudicial to the Employer's interest shall be final, unless made without evidence to support such judgment.

Competing with the Employer, as used hereinabove, shall mean carrying on or engaging in a business which is similar to that of the Employer within a geographical area which shall include each and every county in the State of Alabama in which the Employer carries on a like business. Carrying on or engaging in a similar business shall be defined to include, but shall not be limited to, (1) employment by an employer which is carrying on or engaging in a similar business; (2) carrying on or engaging in a similar business by Employee himself; (3) carrying on or engaging in a similar business by a partnership of which the Employee is a partner; or (4) carrying on or engaging in a similar business by a corporation of which the Employee is a stockholder or employee.

*Record* at 38 (emphasis added).[3]

At trial, the question of whether the forfeiture or "bad boy" provisions of the plans

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Howard D. McCoy worked for American for eight years as a press operator. L. Randy Isbell was employed by American as a press operator for three years. Jerry E. Noell was employed by American for five and one-half years.

2. The plaintiffs were given summaries of the American Design, Inc. Profit Sharing Plan and the American Design, Inc. Defined Benefit Plan.

3. The pertinent provisions of both plans are identical.

were enforceable was presented to the court on cross-motions for summary judgment. The district court found that the "bad boy" clauses were permissible under ERISA but that the benefits in this case were not forfeitable. The court based its ruling on two grounds. First, the court found the nonforfeitable nature of the rights in paragraph 10.01(a) conflicted with the plain meaning and intent of paragraph 10.05.[4] Since the plans were written entirely by American Design, the ambiguity was construed in a manner most favorable to the plaintiffs. Second, the court concluded that paragraph 10.05 did not apply to the plaintiffs because the word "and" is a *conjunctive* rather than disjunctive particle. Because the defined requirements for prejudice in paragraph 10.05 were connected by the word "and," all three of the enumerated factors had to be satisfied before the benefits could be forfeited.

The first question presented in this appeal is whether benefits in a plan that exceed the minimum vesting requirements of ERISA may be forfeited because of the violation of a noncompetition clause. We must also determine whether the district court erred in construing the contract to prevent forfeiture of the benefits granted by the two American plans in excess of the ERISA minimum requirements. The last issue to be addressed is whether the exclusive benefit rule requires paragraph 10.05 to be voided.

## I. The Validity of Limited Forfeiture Provisions Under ERISA

■ The plaintiffs contend that ERISA prohibits the enforcement of "bad boy" or forfeiture clauses. The plaintiffs concede that the weight of authority is against them. However, they argue that the decisions are contrary to 29 U.S.C. § 1002(19) and the legislative history of ERISA.[5] We find these arguments unpersuasive.

In *Hepple v. Roberts & Dybdahl, Inc.,* 622 F.2d 962 (8th Cir.1980) the employer had denied the employee's benefits because of his violation of a non-competition clause contained in its pension plan.[6] The court was directly confronted with the issue of whether pension plan benefits that exceed the minimum statutory vesting requirements of ERISA could be forfeited because

---

**4.** Paragraph 10.01 provides:

(a) An Employee's Accrued Benefit shall be non-forfeitable upon the attainment of his Normal Retirement Date, in the event of his permanent and total disability, and in the event of his death before or after attainment of his Normal Retirement Date. In the event the employment of a Participant is terminated, whether voluntarily or involuntarily, prior to his Normal Retirement Date, for any reason other than death or permanent and total disability, a Participant shall have a non-forfeitable right to the Accrued Benefit derived from contributions made to the Trust Fund by the Employer in accordance with the following schedule:

| YEARS OF CREDITED SERVICE | NON–FORFEITABLE PERCENTAGE |
|---|---|
| 0–2 | 0% |
| 3 | 20% |
| 4 | 40% |
| 5 | 50% |
| 6 | 60% |
| 7 | 70% |
| 8 | 80% |
| 9 | 90% |
| 10 | 100% |

In explanation of such schedule, and not in limitation thereof, a Participant shall advance on said schedule upon completion of one (1) year of Credited Service. For example, if a Participant is credited with three (3) Years of Credited Service, he shall have a twenty percent (20%) non-forfeitable interest in his Accrued Benefit; upon completion of four (4) Years of Credited Service, he shall have a forty percent (40%) non-forfeitable interest in his Accrued Benefit.

**5.** Section 1002(19) provides the definition of nonforfeitable.

The term "nonforfeitable" when used with respect to a pension benefit or right means a claim obtained by a participant or his beneficiary to that part of an immediate or deferred benefit under a pension plan which arises from the participant's service, which is unconditional, and which is legally enforceable against the plan. For purposes of this paragraph, a right to an accrued benefit derived from employer contributions shall not be treated as forfeitable merely because the plan contains a provision described in section 1053(a)(3) of this title.

**6.** The pension plan in *Hepple* was similar to the plans presented in this case.

of a violation of a non-competition clause. In finding that there was no statutory basis upon which to hold that the amounts in excess of the minimum requirements could not be forfeited, the court examined 29 U.S.C. § 1053(a), relevant legislative history, treasury regulations and case law. The court stated:

> A primary purpose of ERISA is to protect participants in private pension plans by requiring such plans "to vest the accrued benefits of employees with significant periods of service." 29 U.S.C. § 1001(c). In order to facilitate this purpose, Congress enacted 29 U.S.C. § 1053, which sets out the minimum vesting requirements of the Act. Under the kind of plan involved in this case, which provides for 100% vesting of employer's contributions after ten years of covered service, there is no requirement in the statute for vesting of any lesser percentage of benefits before the required ten years of service.
>
>> (A) A plan satisfies the requirements of this subparagraph if an employee who has at least 10 years of service has a nonforfeitable right to 100 percent of his accrued benefit derived from employer contributions.
>
> 29 U.S.C. § 1053(a)(2)(A). To require that a certain percentage of accrued benefits be nonforfeitable at any date prior to ten years of service would be to read something into the Act that is simply not there.
>
> What is not allowed is the use of any condition to defeat an employee's rights to the benefits guaranteed by the minimum vesting standards of the Act. In the present case, the Plan's non-competition clause would be void under the Act if it affected the rights of employees with ten or more years of service. This it does not do. We can find nothing in the Act which would prohibit a plan's providing for forfeiture of benefits when the affected benefits are in excess of the minimum vesting requirements of 29 U.S.C. § 1053. In the case of the [employer's] plan, employees are given a conditional interest in their Employer Contribution Accounts until they have completed ten years of covered service. At that time the interest becomes vested and nonforfeitable for any reason other than those enumerated in 29 U.S.C. § 1053(a)(3).

*Id.* at 964–65 (footnotes omitted). In *Hummell v. S.E. RyKoff & Co.*, 634 F.2d 446 (9th Cir.1980) the Ninth Circuit also addressed the issue of whether ERISA permits limited forfeiture provisions. Finding the *Hepple* opinion persuasive, the court held that "ERISA does not prohibit forfeiture of benefits in excess of the minimum vesting requirements in § 1053." *Id.* at 450; *see also Lojek v. Thomas*, 716 F.2d 675, 679 (9th Cir.1983) ("ERISA does not prohibit forfeiture of benefits in excess of ERISA's minimum vesting requirements.").

An employer is given the choice of determining the scope of its employee's rights to benefits so long as it satisfies the minimum vesting requirements of section 1053(a). In this case, American has granted its employees rights greater than the minimum vesting requirements. Under these circumstances, we would penalize employers and discourage them from providing their employees with rights in excess of the minimum requirements of the Act if we held that these excess rights could not be forfeited. *See Hepple v. Roberts & Dybdahl, Inc.*, 622 F.2d 962, 966 (8th Cir.1980). We cannot hold that Congress intended such a result.

Our review of the statute and legislative history causes us to adopt the reasoning of *Hepple* and *Hummell* to the extent they hold that benefits in excess of the minimum vesting requirements of ERISA can be forfeited because of the violation of a non-competition clause. Thus, we affirm the district court's conclusion that benefits granted by a plan in excess of the minimum required by ERISA may be forfeited.

We now determine whether the district court erred in finding that the benefits granted by the two American plans in excess of the ERISA minimum requirements were not forfeitable.

## II. *Interpretation of American's Plans*

### A.

American contends that the district court erred when it defined the term "nonforfeitable" as "unconditional" or "absolute" and when it concluded that American's employees were granted a nonforfeitable right without qualification to benefits accrued in excess of the minimum vesting requirements dictated by ERISA. American submits that the meaning of nonforfeitable is not to be determined from the word alone, but from a reading of the entire document and a review of all relevant circumstances.

It is a general rule of construction that "an interpretation which makes the contract or agreement fair and reasonable will be preferred to one which leads to harsh or unreasonable results." 4 S. Williston, W. Jaeger, *A Treatise on the Law of Contracts*, § 620 at 748–79 (1961). In *Mass Appraisal Services, Inc. v. Carmichael*, 404 So.2d 666 (Ala.1981) the court stated:

> ... We note that the Alabama Supreme Court has recently reiterated that state's position that in reviewing contracts, courts are to "accord them a reasonable construction under the terms used by the parties who made them, and when the contracts contain several provisions, all are construed together so that a harmonious operation can be given to each provision as far as the language used will permit." *United States Fidelity & Guaranty Co. v. Jacksonville State University*, 357 So.2d 952 (Ala.1978)....

*Id.* at 673 (quoting *Green v. Russell County*, 603 F.2d 571 (5th Cir.1979)).[7]

A reasonable construction of paragraphs 10.01 and 10.05 is that paragraph 10.05 placed a limitation or condition upon the nonforfeitable rights granted in paragraph 10.01. Thus, if an employee who had rendered five years of service terminated his employment but did not act in a manner that was prejudicial to the employer, he would be entitled to 50% of his accrued benefits. However, if an employee who had rendered less than ten years of service acted in a manner that was prejudicial to

the employer's interest, the employer reserved the right to withhold the benefits which it had provided in excess of the requirements of ERISA.

The district court concluded that "the nonforfeitable nature of the rights in paragraph 10.01 clearly conflicts with the plain meaning and intent of paragraph 10.05." *Record* at 403. As a result, the court resolved the ambiguities in the language of the plans and construed the language so as to give it a meaning most favorable to the plaintiffs. For the reasons discussed previously, we do not agree that paragraph 10.01 conflicts with paragraph 10.05. Assuming, however, that the language in the paragraphs is ambiguous, we nevertheless are compelled to rule against the plaintiffs. We are again guided by the principles governing the construction of contracts.

■ "An important aid in the interpretation of contracts is the practical construction placed on the agreement by the parties themselves." 4 S. Williston, W. Jaeger, *A Treatise on the Law of Contracts*, § 623 at 789 (1961). This rule has been followed by the Alabama courts which have recognized that "[d]ealings of parties subsequent to the written contract are important as going to show construction by parties themselves while friendly." *Flagg-Utica Corporation v. City of Florence*, 275 Ala. 475, 156 So.2d 338, 343 (1963). "If the language [of a contract] is ambiguous or uncertain in any respect, the surrounding circumstances, including the construction placed on the language by the parties are taken into consideration so as to carry out the intention of the parties." *City of Montgomery v. Maull*, 344 So.2d 492, 495 (Ala.1977).

■ In this case, the plaintiffs acknowledge that they received summary descriptions of both plans. These summaries provided:

> One of the major purposes of the Plan is to make you a more loyal and permanent employee of the Employer. Therefore, there is a provision in the Plan that

---

7. Both plans provide that they are to be con-      strued according to the laws of Alabama.

if your employment with the Employer is terminated at any time within your first nine Years of Credited Service for any one of the following reasons, you will forfeit your entire vested Accrued Benefit:

1. Termination as a result of committing a theft, fraud, embezzlement with regard to the Employer.

2. Disclosure or release to third parties of any of the Employer's trade secrets.

3. Competing with the Employer for a period of three years following your termination in any county in the State of Alabama. Competing with the Employer means your employment by another Employer which is competing with the Employer, or the carrying on of a competing business by you, or the carrying on of a competing business by you in the form of a partnership or corporation.

These provisions are in much more detail in the Plan, and if you would like to review them, they can be made available to you.

*Record* at 164; *see also id.* 194–95.

The summaries constituted a subsequent construction of the plans by American. The plaintiffs, after receiving the summaries, allowed American to continue making contributions on their behalf. Under these circumstances, we must conclude that the plaintiffs had knowledge of the provisions of the plans. Thus, even if the plans were ambiguous, the summaries, which were provided to each of the plaintiffs, were adequate to resolve any ambiguity.

### B.

American also argues that the district court erred when it ruled that all of the three provisions in paragraph 10.05 had to be breached by an employee before his rights to accrued benefits could be forfeited. The court reached this conclusion because it found that:

[T]he words, phrases, or clauses connected by the word "and" provide a single requirement, rather than alternatives. Since plaintiffs have not been found to have violated all three conditions of paragraph 10.05, that section cannot apply to cause forfeiture of plaintiffs' accrued benefits.

*Record* at 405–06.

■ It is an established principal that "[t]he word 'or' is frequently construed to mean 'and,' and *vice versa,* in order to carry out the evident intent of the parties." *Dumont v. United States,* 98 U.S. 142, 143, 25 L.Ed. 65 (1878). This rule is particularly applicable "if the remainder of the agreement shows that a reasonable person in the position of the parties would so understand it." 4 S. Williston, W. Jaeger, *A Treatise on the Law of Contracts,* § 619 at 738 (1961); *see also State Mut. Life Assur. Co. of Worchester, Mass. v. Heine,* 49 F.Supp. 786, 788 (W.D.Ky.1943), *aff'd,* 141 F.2d 741 (6th Cir.1944) ("[C]ases show that the word 'and' or 'or' will not be given its literal meaning when such meaning would do violence to the evident intent and purpose of the contracting parties, and the other meaning would give effect of such intent.").

■ For the forfeiture clause to have meaning according to the holding of the district court, an employee would first have to be guilty of theft, fraud or embezzlement, he would then have to disclose or release to third parties the employer's trade secrets, and then he would have to go to work for a competitor. It would be unreasonable to conclude that an employer, who has provided its employees with benefits in excess of those required by law, would place such an onerous burden on itself with respect to the termination of the benefits.[8]

Under these circumstances, "and" should not be given its literal meaning, as this would lead to an unreasonable result. Accordingly, we hold that "and" should be

---

8. The summary plans, *supra,* which we recognize are not controlling, clearly illustrate what the employer intended.

interpreted as "or" and that the accrued benefits could be forfeited if any one of the three conditions set forth in paragraph 10.-05 occurred.

Because it is clear that the plaintiffs competed with their employer within a period of three (3) years next following [their] termination of employment, we hold that the plaintiffs forfeited their rights to their accrued benefits.

### III. *Exclusive Benefit Rule*

An argument raised by the plaintiffs in their brief is that paragraph 10.05 is voided by the exclusive benefit rule which provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). This issue was not included in the Stipulation of Facts and Issues (*Record* at 85) entered by the parties. The district court did not consider this issue. Neither do we.

### IV. *Conclusion*

For the reasons stated above, we reverse the decision of the district court and direct the court to enter a judgment in favor of American.

REVERSED and REMANDED.