YELVERTON, Judge.
Mary Hebert, the petitioner, was divorced from Dennis Hebert in 1976 but they continued to live together until his death in 1984. After his death Mary sued Dennis’ employer, Hughes Tool Company, for retirement and medical benefits. The trial court rendered judgment rejecting her demands. She appealed. We affirm. FACTS
Mary Hebert was married to Dennis Hebert in 1952. He began his employment with Brown Oil Tools, Inc. in 1957. In 1975, Mary sued for and obtained a judgment of separation following which she obtained a divorce in 1976. Although Dennis and Mary continued to live together most of the time after the divorce, they never remarried. The community property regime never came back into existence.
Brown Oil Tools, Inc., was acquired by Hughes Tool Company in 1980. With the merger of the companies came a merger of their respective retirement plans, effective January 1, 1981. Brown Oil Tools, Inc., had enacted a retirement plan back on April 1, 1973. After the merger the new plan was called Hughes Unified Retirement Plan. Section 1.3 of that plan specifically provided that the merger did not divest the former employees of Brown Oil Tools of their vested benefits under the old plan.
Dennis Hebert died on January 11, 1984, at the age of 49.
ASSIGNMENT OF ERROR NO. 1
Appellant asserts that the trial judge erred in failing to find that she has a vested community right to the benefits under the defendant’s retirement plan. The plan had two different types of benefits: (1) normal retirement benefits payable to an employee upon the attainment of 65 years of age, and early retirement at the age of 55; or (2) death benefits payable to *44 a “qualified spouse”, that is, a person legally married to the deceased employee for one year prior to the employee’s death. In rejecting Mary’s right to recover any benefits under the Plan, the trial judge analyzed the plan provisions and gave excellent reasons for judgment which we quote, adopting those reasons as our own:
“Mrs. Hebert claims an interest in the retirement plan due to employer contributions made to the plan during the existence of the community from 1957 to 1975. Under Louisiana jurisprudence, Mrs. Hebert is entitled to have recognized her interest in the retirement benefits when they become actually payable to or for her husband, in the proportion that they were attributable to the husband’s employment during the community. Sims v. Sims, 358 So.2d 919 (La.1978); T.L. James & Co., Inc., et al v. Montgomery, et al, 332 So.2d 834 (La.1976).
“However, under the terms of the plan, the normal retirement date was:
‘... the first day coinciding with or next following the later of (i) his 65th birthday or (ii) the date he ceases to be an Employer[sic], but in no event shall such date exceed any mandatory retirement age consistently enforced by his Employer, whether or not set forth in the Plan or any related document.’
“Mr. Hebert was only 49 years old at the date of his death and was still employed. Therefore, he was not eligible to receive benefits under this provision.
“Under section 15.2 of the Plan benefits are payable to a qualified spouse of a deceased employee. A qualified spouse is one who is married to the decedent for at least one (1) year prior to his death. Mr. & Mrs. Hebert were not legally married at the time of his death. The parties did continue to live together off and on in this state but Louisiana law does not recognize common law marriages.... Therefore, there was no qualified spouse provision.
“Although Mrs. Hebert has the right to have her interest in the plan recognized, under the terms of the plan there are no benefits payable. Therefore, Mrs. Hebert may not recover any retirement benefits under the Hughes plan.” Hernandez v. Southern Nevada Culinary & Bartenders Pension Trust, 662 F.2d 617 ([9th Cir.] 1981).
The trial court’s reference to the federal decision, Hernandez, supra, was illustrative. A surviving spouse under the Employee Retirement Income Security Act (ERISA), codified at 29 U.S.C. § 1001, et seq., has no interest in retirement benefits when the employee dies before reaching retirement age.
ASSIGNMENT OF ERROR NO. 2
Appellant asserts that the trial judge erred in failing to find that she is entitled to certain medical benefits under defendant’s employee insurance plan. Mary argues that because she and Dennis continued to live together after their divorce and until his death, and because Hughes Tool Company continued to pay her medical bills, Hughes should be estopped from denying payment on future medical bills. The response to that argument is that the trial court found that Dennis had falsely listed his former wife as a dependent spouse for medical insurance coverage even after their divorce. Hughes Tool Company was insured by Aetna Insurance Company. They did not pay the bills directly but sent the employee’s claims to Aetna. Additionally, these claims were sent to Aetna without verification of the information provided by the employee. Therefore, the decision of the trial judge, which held estoppel to be inapplicable in this factual situation, is affirmed.
ASSIGNMENT OF ERROR NO. 3
Appellant asserts the trial judge erred in failing to find that she is entitled to an actual dollar amount for the community’s contribution to the subject retirement plan. Since Mr. Hebert never made contributions to the retirement plan himself and since the retirement benefits never became due and payable, this claim fails for the same reasons as explained under assignment of error No. 1.
*45 For the reasons as discussed above, the judgment of the trial court is affirmed , at appellant’s costs.
AFFIRMED.