NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>ANTONIO ALEJANDRO GUTIERREZ,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CROWN CORK & SEAL CO., INC.,<br>Pension Administration,<br><br>Defendant-Appellee.</td><td>No. 14-35939<br><br>D.C. No. 3:13-cv-01219-HZ<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Antonio Alejandro Gutierrez appeals pro se from the district court's

judgment dismissing his action alleging violations of the Employment Retirement

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Income Security Act of 1974 ("ERISA") relating to his eligibility for pension benefits and requests for plan documents. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed Gutierrez's claim that defendant failed to furnish plan documents because Gutierrez failed to allege facts sufficient to show a violation of ERISA. *See* 29 U.S.C. §§ 1021(a), 1024(b)(4) (requiring plan administrator to furnish to a plan participant, upon written request, a copy of the latest updated summary plan description).

Dismissal of Gutierrez's claim regarding his eligibility for benefits was proper because Gutierrez failed to allege facts sufficient to show that defendant violated ERISA by determining that he was ineligible for partial benefits. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1116 n.1 (9th Cir. 2012) (exhibits attached to the complaint may be considered to decide whether dismissal is proper); *Bance v. Alaska Carpenters Ret. Plan*, 829 F.2d 820, 823-24 (9th Cir. 1987) ("ERISA set forth mandatory minimums by way of alternative formulas under which a qualifying plan must provide for vesting to occur."); *Hernandez v. S. Nev. Culinary*

*& Bartenders Pension Tr.*, 662 F.2d 617, 620 (9th Cir. 1981) ("ERISA's minimum vesting provisions require only that, once an employee-participant satisfies his pension plan's length of service requirement, his right to receive his vested pension benefits mature on his reaching the normal retirement age contained in the plan.").

**AFFIRMED.**