785 F.2d 762
 7 Employee Benefits Ca 1611
 Margaret A. GABRIELSON, Plaintiff/Appellant,
and
Michael A. Gabrielson, Corey L. Gabrielson, et al., Plaintiffs,
v.
MONTGOMERY WARD & COMPANY, an Illinois corporation;
Montgomery Ward Retirement Security Plan Trust,
Does II Thru XXX, Defendants/Appellees.
 No. 84-2644.
 United States Court of Appeals,
Ninth Circuit.
 Argued Oct. 7, 1985.
Submitted Nov. 8, 1985.
Decided March 25, 1986.
 
 Mark Himelstein, Himelstein, Savinar, Petrocelli & Curtice, San Francisco, Cal., for plaintiff/appellant.
 Gail Y. Norton, Walter C. Kohn, Roper, Majeski, Kohn, Bentley & Wagner, Redwood City, Cal., for defendants/appellees.
 On appeal from the United States District Court for the Northern District of California.
 Before CHAMBERS, TANG and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 The widow of an employee of Montgomery Ward & Co. who was discharged before his retirement plan matured appeals the summary judgment entered against her claim for benefits under the retirement plan. She also appeals the district court's denial of her motion to amend her complaint and add Ward's Comprehensive Health Care Plan Trust as defendant. We hold that neither the employee nor his widow was entitled to benefits under the retirement security plan and thus affirm the grant of summary judgment. We also hold that denial of the motion to amend and add parties did not constitute an abuse of discretion, as plaintiff was not entitled to benefits under the health care plan.
 
 I. FACTS
 
 2
 Wallace Gabrielson had been employed by Montgomery Ward & Co. [Ward] for over twenty-nine years when his employment was terminated on October 10, 1980 for alleged misuse of company funds. He committed suicide on October 26, 1980; at the time of his death he was fifty-four and one half years old and was survived by his widow, plaintiff-appellant Margaret Gabrielson.
 
 
 3
 As an employee of Ward, Wallace Gabrielson had participated in Ward's Retirement Security Plan, which conformed to the requirements of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Secs. 1001-1461 (1982) (ERISA), and was a vested participant. The plan allowed early retirement at age fifty-five. Following Gabrielson's death, Ward issued to plaintiff a refund of her husband's employee contributions to the Retirement Security Plan, plus five percent interest, and advised her that she was not entitled to any further benefits under that plan.
 
 
 4
 Gabrielson was also covered by a Comprehensive Health Care Plan as a Ward employee. That Plan provided benefits to surviving spouses of employees over fifty years old who die while active employees or while continuing in service under the Retirement Security Plan.
 
 
 5
 The original complaint, alleging state causes of action for wrongful termination, was filed in state court. The case was removed to federal court after amendments added federal causes of action under ERISA. Plaintiff subsequently moved to file a fourth amendment to her complaint adding a cause of action based on the denial of benefits under the Health Care Plan, to add as parties defendant the Health Care Plan Trust and the insurance company responsible for administering that Plan's annuity program, and to reopen discovery.
 
 
 6
 The district court granted Ward's motion for summary judgment on the Retirement Security Plan. The court also concluded that an amended pleading could be defeated by a summary judgment because plaintiff had no right to spousal support under the Health Care Plan, and denied the motion to amend and add additional parties.
 
 II. ANALYSIS
 
 7
 A. Summary Judgment on Retirement Security Plan
 
 1. Standard of Review
 
 8
 We review de novo the trial court's grant of summary judgment, Alaska v. United States, 754 F.2d 851, 853 (9th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 333, 88 L.Ed.2d 317 (1985), and apply the same standard as applied by the trial court under Federal Rule of Civil Procedure 56(c). Twentieth Century-Fox Film Corp. v. MCA, Inc., 715 F.2d 1327, 1328 (9th Cir.1983). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing summary judgment, the court finds that no genuine issue as to any material fact remains to be resolved at a trial on the merits and the moving party is entitled to judgment as a matter of law. Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir.1985).
 
 2. Summary Judgment
 
 9
 There was no genuine issue of material fact. The only material facts in this cause of action were the provisions of the Retirement Security Plan and Gabrielson's age and years of service. It is undisputed that the Retirement Security Plan vested after ten years of employee participation and matured after the employee reached fifty-five.[1] Gabrielson had over ten years of service but was only fifty-four at the time of his death. Thus the only issue is whether the substantive law was correctly applied. Plaintiff contends she was denied due process because her right to survival benefits was a property right under state law entitling her to adequate process before forfeiture. She argues that she was entitled to a hearing.
 
 
 10
 At the time of Gabrielson's death, ERISA allowed a plan to condition entitlements upon reaching retirement age, 29 U.S.C. Sec. 1055(b)(1) (1982) (amended in 1984) and to allow forfeiture if death occurred before that age. 29 U.S.C. Sec. 1053(a) (1982) ("an employee's right to his normal retirement benefit is non-forfeitable upon the attainment of normal retirement age"); see also Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry, 648 F.2d 1252, 1253-54 (9th Cir.1981). The Ward Retirement Security Plan contained such forfeiture provisions. Thus Mr. Gabrielson was not entitled to any Plan benefits. His widow's entitlement is derivative of his unmatured right. See Hernandez v. Southern Nevada Culinary & Bartenders Pension Trust, 662 F.2d 617, 620 (9th Cir.1981) (widow's entitlement is a derivative right only and does not arise until the employee-participant becomes eligible for a pension). California's community property law does not make such contingent entitlements a vested property interest of the community's survivor. See Henn v. Henn, 26 Cal.3d 323, 330, 161 Cal.Rptr. 502, 505, 605 P.2d 10, 13 (1980) (spouse's entitlement arises at time property is acquired); cf. In re Marriage of Brown, 15 Cal.3d 838, 842, 126 Cal.Rptr. 633, 634-35, 544 P.2d 561, 563 (1976).
 
 
 11
 As plaintiff does not have a property interest under state law, she has not been deprived of any property without due process of law. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 430, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982); see also Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). ERISA requirements of notice and hearing extend only to participants or beneficiaries, 29 U.S.C. Secs. 1133(1), (2), and plaintiff is neither. 29 U.S.C. Secs. 1002(7), (8); see Weiss v. Sheet Metal Workers Local No. 544 Pension Trust, 719 F.2d 302, 303-04 (9th Cir.1983), cert. denied, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 821 (1984); Hernandez, 662 F.2d at 620-21.
 
 
 12
 Finally, plaintiff contends that the provisions of ERISA, 29 U.S.C. Secs. 1053, 1055, allowing forfeiture of plan benefits because of death or termination before retirement age are unfair. Those provisions were amended after Gabrielson's death to enlarge rights of surviving spouses to receive benefits. Retirement Equity Act of 1984, Pub.Law 98-397, Title I, Secs. 102(b), (c), (d)(2), (e)(2), 103(a), 105(a), 98 Stat. 1426, 1429, 1436 (codified at 29 U.S.C.A. Secs. 1053, 1055(e)(1)(A)(ii)(I) (West 1985)). Unfortunately for Mrs. Gabrielson, Congress did not make the provision retroactive. Such inequity does not rise to the level of a constitutional violation, however, especially in the economic sphere where congressional regulation is presumptively valid. See, e.g., Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976); United States Railroad Retirement Board v. Fritz, 449 U.S. 166, 175, 184, 101 S.Ct. 453, 459, 464, 66 L.Ed.2d 368 (1980). We affirm the district court's grant of summary judgment on the Retirement Security Plan.
 
 
 13
 B. Denial of Motion for Leave to Amend and Add Parties
 
 1. Standard of Review
 
 14
 This court reviews for abuse of discretion an order concerning discovery or a denial of leave to amend a pleading after a responsive pleading has been filed. Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau, 701 F.2d 1276, 1292 (9th Cir.), cert. denied, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983); Ellis v. Brotherhood of Railway, Airline, & Steamship Clerks, 685 F.2d 1065, 1071 (9th Cir.1982).
 
 
 15
 While a district court's action on a motion for leave to amend should be reversed only if the action is an abuse of discretion, there is a "strong policy to permit the amending of pleadings," Howey v. United States, 481 F.2d 1187, 1190 (9th Cir.1973), and denial of a motion to amend must be reviewed "strictly." Klamath-Lake, 701 F.2d at 1292. We have noted on several occasions, see, e.g., Hurn, 648 F.2d at 1254, that the "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires." Howey, 481 F.2d at 1190 (citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).
 
 2. Discretion to Deny Motion
 
 16
 Plaintiff moved to amend her complaint to add causes of action against Ward's Comprehensive Health Care Plan Trust which provided benefits to surviving spouses of employees who were over fifty and died while they were active employees or while on any leave or layoff that was "included as Service under the Retirement Security Plan." She also sought to reopen discovery and add additional defendants related to the Health Care Plan. The district court denied her motion.
 
 
 17
 Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment. Loehr v. Ventura County Community College District, 743 F.2d 1310, 1319 (9th Cir.1984). While Ward does contend that an amendment would have been prejudicial to it, the district court relied on the last factor: any amendment would have been futile in that it could be defeated on a motion for summary judgment. See, e.g., Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 658 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.) (per curiam), cert. denied, 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981).
 
 
 18
 If neither Mr. Gabrielson nor the plaintiff were entitled to benefits under the Health Care Plan, it would be futile to permit amendment of the complaint because any claim could be defeated on a motion for summary judgment. We must independently examine the provisions of the Health Care Plan to make this legal determination. See Marchese v. Shearson Hayden Stone, Inc., 734 F.2d 414, 417 (9th Cir.1984).
 
 
 19
 We need not determine whether Mrs. Gabrielson would be eligible for benefits under sections 8.1 and 8.2 of the Plan because in any event coverage under the Plan terminated prior to Gabrielson's death. Section 8.3 of the Plan provides:
 
 
 20
 Termination of Coverage. The Surviving Spouse Benefit coverage hereunder shall terminate ... as to each Employee, on the occurrence of any of the following events:
 
 
 21
 (b) the termination of his employment; provided that, if the Employee's Service is deemed to continue under the Retirement Security Plan, then Surviving Spouse Benefit coverage shall continue hereunder; or
 
 
 22
 (c) the date on which he ceases to participate in the Retirement Security Plan.
 
 
 23
 (emphasis added)
 
 
 24
 As we have shown above Gabrielson was not a participant in the Retirement Security Plan at the time of his death. Accordingly any Surviving Spouse Benefit was terminated under section 8.3(c).
 
 
 25
 Moreover under section 8.3(b) his employment had terminated and his "service" did not continue under the Retirement Security Plan. As defined in that Plan,
 
 
 26
 "Service" means an Employee's employment with the Company or with any Affiliate,.... Service shall include the following:
 
 
 27
 (a) Any authorized leave of absence under rules determined by the Committee, which are uniformly applicable to all Employees similarly situated and in accordance with the Regulations; provided the Employee returns to active Service within the period authorized for such leave;
 
 
 28
 (b) Service in any of the United States Armed Forces, if and to the extent required by the Military Selective Service Act, as amended, or any other federal law, or as otherwise recognized by the Committee;
 
 
 29
 (c) Any period of layoff not in excess of 12 months during which the Employee retains reemployment rights and provided that the Employee reports to work within three working days after recall; and
 
 
 30
 (d) Any period of suspension of participation, as provided for in [a section dealing with affiliates and other matters not relevant here].
 
 
 31
 After Gabrielson's discharge he did not qualify under any of these provisions. We conclude that Mrs. Gabrielson is barred from benefits under the Comprehensive Health Care Plan under both subsections (b) and (c) of section 8.3. The district court's conclusion that adding a cause of action involving the Health Care Plan Trust as defendant would be futile was correct because any such cause of action could be disposed of by summary judgment.
 
 III. CONCLUSION
 
 32
 The grant of summary judgment as to the Retirement Security Plan is affirmed. There is no genuine issue of material fact and the district court properly interpreted the substantive law. The denial of plaintiff's motion for leave to amend was a proper exercise of discretion because amendment would have been futile. The judgment of the district court is
 
 
 33
 AFFIRMED.
 
 
 
 [1]
 The Plan provides:
 
 
 [7]
 2. Early Retirement Date. A Participant's Early Retirement Date may be the first day of any month following his termination of Service prior to his Normal Retirement Date, provided such Participant (a) has attained age 55, (b) has completed ten Years of Service (except that this requirement shall not apply to an Employee of the Company or an Affiliate on December 31, 1968), and (c) has prior to such date elected to Retire on such date pursuant to rules adopted by the Committee in accordance with the Regulations