988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William R. KNIGHT, Plaintiff-Appellant,
v.
Jeff SANDERS, Detective; Walter Spalding and Timothy Rupel
(Officers), Tucson Police Department, Defendants-Appellees.
 No. 92-16030.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-89-00172-RMB, Richard M. Bilby, District Judge, Presiding.
 D.Ariz. [APPEAL AFTER REMAND FROM, 940 F.2d 668.]
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William R. Knight appeals pro se the district court's order granting summary judgment on his 42 U.S.C. § 1983 action to the Tucson Police Department ("TPD") and the named officers and denying his motion for leave to amend the complaint. Knight also appeals the district court's denial of his motion for appointment of counsel. We hold that the district court properly granted summary judgment and that it did not abuse its discretion in denying Knight's motion for leave to amend the complaint. We also affirm the district court's refusal to appoint counsel to represent Knight.
 
 
 3
 Knight alleges in his complaint that after TPD officers arrested him at a bar on November 14, 1987, they transported him to the police station and then towed and impounded his vehicle so that it could be searched. He states that TPD then relinquished possession of the vehicle to Gary's Towing Company without notice or permission. [ER F at 3] Gary's Towing eventually applied for title and sold the vehicle in Mexico. [Red at 4] Accordingly, Knight alleges that officials acting under color of state law deprived him of personal property without due process in violation of § 1983.
 
 
 4
 1. Motion for Summary Judgment.
 
 
 5
 The district court granted summary judgement to TPD and the officers because it found, as a matter of law, that TPD never had Knight's vehicle towed from the scene of his arrest. [ER B at 8] We review de novo the district court's grant of summary judgment. Barlow v. Ground, 943 F.2d 1132, 1134 (9th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992).
 
 
 6
 "Summary judgment is proper where 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Id. (quoting Fed.R.Civ.P. 56(c). Where the facts are disputed, we must view the evidence in the light most favorable to Knight, the non-moving party. Id. To defeat the motion for summary judgment, however, Knight must
 
 
 7
 produce sufficient evidence supporting the alleged factual dispute so that a jury is required to resolve the issue. The trial judge 'must view the evidence presented through the prism of the substantive evidentiary burden.' Considering that burden, [Knight] must come forward with specific facts from which a reasonable jury could find in his favor.
 
 
 8
 United Steelworkers of America v. Phelps Dodge Corp., 833 F.2d 804, 805 (9th Cir.1987) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, ----, 106 S.Ct. 2505, 2513 (1986)) (citations omitted), reversed on other grounds, 865 F.2d 1539 (9th Cir.1989) (en banc); see also International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir.1985) ("The initial burden of showing the absence of material factual issues rests on the proponent of a summary judgment motion. Once that burden is met, however, the opponent must counter with specific factual allegations revealing a genuine dispute of fact in order to preclude summary disposition.").
 
 
 9
 TPD and the named officers presented the following undisputed evidence that they never had Knight's vehicle towed from the scene of his arrest. Detective Sanders declared that after Knight's arrest, he initially instructed Officer Spalding to transport Knight to the police station and to impound Knight's vehicle. Officer Spalding stated that he asked Officer Rupel to impound the vehicle and, assuming that it had been done, noted both the instruction and the fact that it was accomplished in his supplementary police report. [Record 59] After learning that Knight's vehicle had been searched at the arrest scene, however, Detective Sanders determined that he did not need to impound the vehicle and instructed an officer not to have the vehicle towed. The manager of the bar where Knight was arrested confirmed that Knight's car remained in the parking lot after the arrest. Moreover, TPD had no record of Knight's vehicle in its computer inventory following Knight's arrest. Finally, the police report did not show that Knight's vehicle was impounded even though it explicitly calls for such a notation if impoundment occurs.
 
 
 10
 Knight responds that a genuine factual dispute is created by Officer Spalding's supplemental police report and by Appellees' factual declaration in support of their initial motion for summary judgment stating that Knight's vehicle had been towed pursuant to police orders. We disagree. Officer Spalding's statement in the supplemental police report that Knight's vehicle had been impounded was admittedly made without personal knowledge. Such a statement does not constitute a specific fact from which a reasonable juror could find in Knight's favor.
 
 
 11
 As to the factual assertion made in support of Appellees' original motion for summary judgment, "statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court." American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 227 (9th Cir.1988). In the present case Appellees appeared to assume arguendo Knight's version of the facts in making their original motion for summary judgment based on Knight's assertion of mere negligence in support of his § 1983 claim. After Knight amended his complaint to allege intentional deprivation of property in response to the summary judgment motion, Appellees filed a supplemental statement of facts setting forth the evidence noted above. In light of the supplemental statement of facts negating Appellees' initial assumption that Knight's car had been towed pursuant to their conduct, we hold that the district court did not abuse its discretion in not considering Appellees' initial statement of facts as a binding admission. We therefore affirm the district court's order of summary judgment based upon its finding that, as a matter of law, Appellees neither towed nor impounded Knight's vehicle. Because we decide the summary judgment motion on these grounds, we do not reach the question whether Knight's § 1983 claim was barred because Arizona provides a meaningful post-deprivation remedy.
 
 
 12
 2. Motion to Amend the Complaint.
 
 
 13
 Knight asserts that the district court should have permitted him to amend his complaint by adding Gary's Towing Company as a defendant. Where a motion is made, as in this case, for leave to amend a complaint after a responsive pleading is served, Fed.R.Civ.P. 15 states that "leave shall be freely given when justice so requires." Several factors guide the court in deciding whether to give leave to amend: "(1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir.1986). The district court apparently rested its decision to deny the motion on the last factor, holding that "[t]he addition of Gary's Towing as a named Defendant will not alter the outcome of this § 1983 action." District Court Order at 5. We review for "abuse of discretion an order concerning ... a denial of leave to amend a pleading after a responsive pleading has been filed." Gabrielson, 785 F.2d at 765.
 
 
 14
 We hold that the district court did not abuse its discretion in denying Knight's motion for leave to amend. To state a claim under § 1983, Knight must show that the actor depriving him of a constitutional right was acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Because we affirm the district court's determination that neither TPD nor the named officers were responsible for the towing of Knight's vehicle, Knight cannot allege that Gary's Towing acted under color of state law. Thus although Gary's Towing may be an appropriate defendant for an action in tort, it would be futile for Knight to add Gary's Towing to his complaint alleging a § 1983 violation.
 
 
 15
 3. Motion for Appointment of Counsel.
 
 
 16
 Finally, Knight argues that the district court should have appointed counsel pursuant to Fed.R.Civ.P. 30(b)(2) to defend against Appellees' deposition of him. Rule 30(b)(2) provides, inter alia, that a deposition taken "by the plaintiff" may not be used against a party under the narrow circumstances outlined in the section when "the party was unable through the exercise of diligence to obtain counsel to represent the party at the taking of the deposition." Hence the rule applies to a party whose deposition is being taken by the plaintiff, not to a plaintiff whose deposition is being taken by a party, as Knight would have it. See Fed.R.Civ.P. 30(b)(2), Notes of Advisory Committee, 1970 Amendment ("Defendant is protected by a provision that the deposition cannot be used against him if he was unable through exercise of diligence to obtain counsel to represent him.") (emphasis added). Therefore, the district court did not err in refusing to appoint counsel to represent Knight or in considering Knight's deposition testimony, if it did, in granting summary judgment to Appellees.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3