**FULLER BROTHERS, INC., Plaintiff,**

v.

**INTERNATIONAL MARKETING, INC.
and U.S. Technology Corporation,
Defendants.**

Civ. No. 93–1105–FR.

United States District Court,
D. Oregon.

March 22, 1995.

Randolph C. Foster, Joseph D. Cohen, Stoel Rives Boley Jones & Grey, Portland, OR, for plaintiff.

James M. Callahan, Callahan & Shears, P.C., Portland, OR, Bruce H. Wilson, Kenneth A. Godlewski, Oldham, Oldham & Wilson Co., L.P.A., Akron, OH, for defendant Intern. Marketing, Inc.

## OPINION

FRYE, Judge:

The matters before the court are (1) the motion of the plaintiff, Fuller Brothers, Inc. (Fuller Brothers), for leave to file a second amended complaint (# 112); and (2) the motion of the defendant International Marketing, Inc. (International Marketing) for sanctions (# 114).

## BACKGROUND

In an opinion filed on July 14, 1994, this court granted the motion of International Marketing for summary judgment on the claim of Fuller Brothers for the intentional interference with economic advantage. The court stated the facts as follows:

Plaintiff, Fuller Brothers, Inc. (Fuller Brothers), manufactures, sells and distributes "Tire Life," a liquid formula that extends the life of truck tires when it is placed inside the tires at the time they are mounted.

Defendant International Marketing, Inc. (International Marketing) manufactures, sells and distributes "Equal," a dry, powder-like formula that reduces vibration and eliminates radial and lateral force variation when it is placed inside the tires during the wheel-assembly balancing procedure.

Tire Life and Equal do not perform the same function, and they cannot be used in a truck tire at the same time.

In April of 1993, Fuller Brothers filed a complaint against International Marketing with the regional office of the Occupational Safety and Health Administration (OSHA) in Harrisburg, Pennsylvania. In the complaint filed with OSHA, Fuller Brothers asserted that the product Equal releases formaldehyde gas and presents a health hazard to workers removing vehicle tires for repair because the inert urea formaldehyde component of Equal continuously breaks down, emitting formaldehyde at levels far greater than 0.1 parts per million.

On September 7, 1993, Fuller Brothers filed the complaint in this case against International Marketing alleging a claim for the interference with business relationships or prospective advantage. International Marketing then filed an answer to Fuller Brothers' complaint and counterclaims against Fuller Brothers for violation

of the Lanham Act, libel, and tortious interference with business.

Opinion of July 14, 1994, pp. 1–3.

On September 30, 1994, Fuller Brothers, with leave of the court, filed a first amended complaint stating three claims for relief as follows: (1) a claim for the violation of the Lanham Act; (2) a claim for unfair and deceptive business practices under the laws of the State of Oregon; and (3) a claim for the tortious interference with business relationship and prospective advantage under the laws of the State of Oregon.

On October 17, 1994, International Marketing moved the court to dismiss the claims of Fuller Brothers in its first amended complaint and to transfer the action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

On December 21, 1994, this court granted the motion of International Marketing to dismiss the claims of Fuller Brothers in its first amended complaint and denied the motion of International Marketing to transfer the action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Fuller Brothers has now filed a motion for leave to file a second amended complaint. Fuller Brothers advises the court that the allegations in the second amended complaint cure the specificity problem found by the court when it dismissed the first amended complaint as it related to the state statutory claim. International Marketing opposes Fuller Brothers' motion to amend because of the undue delay and bad faith of Fuller Brothers and the prejudice to International Marketing. International Marketing also argues that the proposed second amended complaint fails to state a claim.

## APPLICABLE LAW

Rule 15(a) of the Federal Rules of Civil Procedure provides that Fuller Brothers may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986).

## ANALYSIS

In its opinion filed on December 21, 1994, this court discussed the second claim alleged in the first amended complaint. The court stated: "Fuller Brothers alleges a cause of action under "applicable state statutes." *Id.* at 9. This allegation is not adequate to state a claim for relief.

In claims 2 through 16 of the second amended complaint, Fuller Brothers alleges the same acts of International Marketing as were alleged in the two prior complaints, and that these acts violate the statutory laws of the States of California, Colorado, Florida, Georgia, Hawaii, Illinois, Indiana, Michigan, Minnesota, Nebraska, New Mexico, Ohio and Washington.

Fuller Brothers argues that the applicable state statutes are alleged in the second amended complaint, and since there is no prejudice to International Marketing, its motion for leave to file the second amended complaint should be granted.

International Marketing argues that the second amended complaint comes too late, adds no facts which show an actionable injury to Fuller Brothers, and is based upon state consumer protection statutes which do not apply to a non-consumer product such as EQUAL which is the subject of this action.

## RULING OF THE COURT

The court dismissed the first amended complaint on December 21, 1994 stating that the allegations of the first amended complaint were insufficient. Fuller Brothers then moved the court on February 8, 1995 for leave to file a second amended complaint. There was nearly a two-month delay, a substantial period of time, but the court declines to call it "undue delay." Furthermore, there is no evidence in this record of bad faith.

International Marketing claims that it will be prejudiced because it will have to engage in discovery; however, International Market-

ing has not made a showing of any real prejudice.

Given that none of the other factors support denying the motion of Fuller Brothers for leave to file a second amended complaint, the court concludes that the legal theories behind the second amended complaint are better addressed in a motion to dismiss.

## CONCLUSION

The motion of Fuller Brothers for leave to file a second amended complaint (# 112) is granted. The motion of International Marketing for sanctions (# 114) is denied.