D.K. CHRISTIE, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 01–55962.

D.C. No. 00–CV–02392.

United States Court of Appeals, Ninth Circuit.

---

* Because this panel unanimously finds this case suitable for decision without oral argument, we deny Lazor's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM **

D.K. Christie appeals pro se the district court's dismissal for failure to state a claim and for lack of standing Christie's action alleging that the United States violated her rights under the Establishment Clause of the First Amendment and under the Equal Protection Clause of the Fifth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nat'l Comm. of Reform Party of U.S. v. Democratic Nat'l Comm.*, 168 F.3d 360, 363 (9th Cir.1999), and we affirm.

The district court properly dismissed Christie's claim that tax exemptions for religious organizations violate the Establishment Clause of the First Amendment because granting a tax exemption does not entangle government and religion. *See Walz v. Tax Comm'n of New York City*, 397 U.S. 664, 678, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970). The district court also properly dismissed Christie's equal protection claim. *See id.* at 686 n. 6.

The district court also properly dismissed Christie's claims challenging the reference to religion in the national motto, and in various slogans. *See Aronow v. United States*, 432 F.2d 242, 243 (9th Cir. 1970) (stating that "the national motto and the slogan on coinage and currency 'In God We Trust' has nothing whatsoever to do with the establishment of religion").

The district court properly dismissed Christie's remaining claims for lack of standing because she failed to allege a personal, concrete and particularized injury. *See Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Furthermore, Christie lacks standing as a federal taxpayer because her complaint failed to allege an injury resulting from Congress' exercise of power under the taxing and spending clause. *See Flast v. Cohen*, 392 U.S. 83, 102–03, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Because any amendment of Christie's complaint would be futile, dismissal without leave to amend was proper. *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766–67 (9th Cir.1986).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.