**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GNLV CORPORATION, DBA Golden Nugget Hotel and Casino, <br><br> Defendant - Appellee. | No. 09-16640 <br><br> D.C. No. 2:06-cv-01225-BES-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Argued and Submitted February 14, 2011
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TALLMAN and BEA[**], Circuit Judges, and TARNOW, Senior District Judge.[***]

The Equal Employment Opportunity Commission (EEOC) appeals the district court's dismissal of six individual class members' employment discrimination claims against GNLV Corporation following a grant of summary judgment in favor of GNLV on EEOC's pattern-or-practice claim. EEOC also appeals the district court's prior order striking as untimely the inclusion of four additional class members and precluding the addition of new class members. Because the parties are familiar with the general facts of the case, we do not repeat them here.

A judgment in favor of an employer on a classwide pattern-or-practice claim does not preclude class members from bringing individual discrimination claims. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 878 (1984). Thus, the district court erred in dismissing the six class members' individual claims. We

---

[**] Due to the death of the Honorable David R. Thompson, the Honorable Carlos T. Bea, United States Circuit Judge for the Ninth Circuit, has been drawn to replace him on this panel. Judge Bea has read the briefs, reviewed the record, and listened to the audio recording of oral argument held on February 14, 2011.

[***] The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

reverse and remand to allow the district court to consider whether summary judgment is appropriate as to any of the individual claims.

The district court did not abuse its discretion by striking the four class members EEOC identified in June 2008 and precluding the addition of new class members, regardless of whether those class members, as "claimants," were subject to the August 24, 2007, deadline for adding "parties" to the lawsuit. *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (reviewing for abuse of discretion a district court's orders concerning discovery or leave to amend pleadings and add parties). We recognize that EEOC's mandate to pursue discrimination claims may be furthered by expanding the scope of an existing lawsuit to include new claims discovered as a result of reasonable investigation. *See Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980). However, the interests of the defendant must also be considered. *See id.* at 333. At some point, the district court must close the universe of potential claims against the defendant so that discovery can be completed and the case can proceed to judgment. We cannot say that it was an abuse of discretion for the court to draw that line where it did, when the names of the four class members had been provided to EEOC over four years earlier, the new claims would require plaintiff-specific discovery, and less than ninety days remained until the discovery cut-off date.

3

AFFIRMED in part, REVERSED and REMANDED in part.    Each party to bear its own costs.

*EEOC v GNLV Corporation 09-16640*

TARNOW, Senior District Judge, concurring in part and dissenting in part:

The four proposed class members identified in June 2008 are "claimants," not "parties." The actual parties' (EEOC and GNLV) own joint Stipulated Discovery Plan and Proposed Scheduling Order entered by the district court on March 12, 2007 specifically distinguishes between the two terms, stating, "Due to the number of current *claimants* and potential class members, the *parties* do anticipate the need to alter the discovery limitations imposed under the Federal Rules..." (emphasis added). Based on this, as well as that no appellate court has directly addressed the issue of whether the term "claimant" as used in a discovery order in an EEOC initiated Title VII case shares the same meaning as the term "party" and the relevant case law does not support equating the two terms, I see no grounds for treating the terms as identical in this context.

Although the majority does not conclude that the proposed class members are "parties," it nonetheless holds that the district court's decision precluding the addition of these potential class members was not an abuse of discretion. While I agree in the abstract with the majority's proposition that at some point discovery must end and a case must proceed against a defendant, I disagree that precluding these individuals here was warranted where nothing in the parties' joint Stipulated Discovery Plan and Proposed Scheduling Order or any subsequent order the

district court entered required that these class members be identified at some point other than prior to the close of discovery. In imposing its own deadline for naming these class members, the district court abused its discretion. Moreover, GNLV was aware from the date the complaint was filed that the EEOC was seeking relief for "Robert Royal and *other similarly situated individuals*" (emphasis added). The parties also *jointly* submitted multiple stipulated orders to the district court extending discovery deadlines, which the district court entered, and GNLV was able to depose all four proposed class members prior the filing of its dispositive motions.

Accordingly, I respectfully dissent as to this issue. I do join, however, the memorandum disposition as to its holding that the district court erred in dismissing the six other class members' individual claims and that a remand of this matter is appropriate.