**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN RENE JONES,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA; et al.,<br><br>     Defendants-Appellees. | No. 16-16172<br><br>D.C. No. 5:08-cv-03971-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted November 14, 2017[**]
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and GRITZNER,[***] District
Judge.

 Plaintiff-Appellant Susan Rene Jones appeals the district court's summary

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

judgment decision in favor of Defendant-Appellees Merck Sharp & Dohme, Merck & Co., Inc., Long Term Disability Plan MSD Medical, Dental, and Long Term Disability Plan, and Life Insurance Company of North America. Jones previously worked for Merck & Co., Inc. (now known as Merck Sharp & Dohme Corp.) ("Merck") until 2001. Under Merck's self-funded welfare benefit plan, Jones was entitled to long-term disability ("LTD") benefits, which she began receiving in 2001. The issue for the Court is whether the district court properly upheld Merck's claim administrator's decision that Jones' LTD benefits were offset by the dependent social security benefits ("DSSDI") she began receiving in 2009.

The Court reviews the "district court's decision on coverage provided by" an Employee Retirement Income Security ACT ("ERISA") plan *de novo*. *Harlick v. Blue Shield*, 686 F.3d 699, 706 (2012). As part of its *de novo* review, the Court must determine whether the district court correctly reviewed the plan administrator's denial of benefits. Typically, when a district court reviews an ERISA plan administrator's denial of benefits, the default standard of review is *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). However, if the plan confers discretionary authority to the claim administrator, the standard of review shifts to abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).

Here, the district court correctly determined that Merck's welfare benefit

2

plan confers discretionary authority to the claim administrator Life Insurance Company of North America ("LINA") because the plan documents in place when Jones first began receiving LTD benefits, and the plan documents in place during her appeal, both confer the claim administrator with discretionary authority. Therefore, the district court correctly applied the abuse of discretion standard in reviewing LINA's decision. *See Id.*

"Under the abuse of discretion standard, an administrator's denial of benefits must be upheld 'if it is based upon a reasonable interpretation of the plan's terms and if it was made in good faith.'" *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 957–58 (9th Cir. 2016) (citation omitted). Here, the relevant plan provision states: "Any benefit payable under the Plan shall be reduced by: (i) Social Security Benefits, effective at the time the Participant becomes entitled to benefits." Despite Jones' assertions to the contrary, LINA's determination that the offset provision applied to Jones' DSSDI benefits when she began receiving the DSSDI benefits in 2009 is based on a reasonable interpretation of the plain language of the plan in effect at that time. *See Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005) ("An ERISA administrator abuses its discretion only if it (1) renders a decision without explanation, (2) construes provisions of the plan in a way that conflicts with the plain language of the plan, or (3) relies on clearly erroneous findings of

3

fact."). Because LINA construed the plan provision consistent with its plain language and did not otherwise abuse its discretion, the district court properly upheld LINA's decision that Jones' LTD benefits were offset by her DSSDI benefits.[1]

Jones also contends that the offset provision is void under California Insurance Code § 10127.15. Section 10127.15 provides:

> Any provision contained in a policy of disability insurance or a self-insured employee welfare benefit plan for a reduction of loss of time benefits during a benefit period because of an increase in benefits payable under the federal Social Security Act, as amended, shall be null and void with respect to any such increase which occurs on or after the effective date of this section.

However, ERISA preempts § 10127.15. *See* 29 U.S.C. § 1144(a) ("any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" are superseded by ERISA, subject to exceptions not relevant here). Therefore, Merck's offset provision is not barred by § 10127.15.

Jones also contends that she is entitled to penalties under 29 U.S.C. § 1132 because Defendant-Appellees failed to timely provide her with a complete administrative record. Section 1132(c) states that "any administrator . . . who fails

---

[1] Jones contends that the statute of limitations bars LINA's application of the plan's offset provision to her LTD benefits. However, there is no authority to support Jones' argument. Defendant-Appellees have not brought any claims against Jones. Jones filed this lawsuit seeking reinstatement of her LTD benefits without the DSSDI offset.

or refuses to comply with a request for any information" which the administrator is statutorily required to produce, may be required to pay penalties. However, Defendant-Appellees were not statutorily required to provide Jones with a complete administrative record. The statute only requires the administrator to provide, upon request, a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. 29 U.S.C. § 1024(b)(4). The administrative record is not a document that Defendant-Appellees statutorily were required to produce. Therefore, Jones is not entitled to penalties under 29 U.S.C. § 1132.

Lastly, Jones contends that she should be able to add MetLife as an additional defendant. The question of whether to allow a party to amend a pleading after a responsive pleading has been filed is left to the trial court's discretion. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). Here, the district court denied Jones' motion to amend her pleadings to add MetLife because LINA replaced MetLife as the claims administrator, and MetLife no longer has authority to resolve Jones' claims or pay Jones benefits. No evidence in the record supports Jones' claim that the district court abused its discretion by denying her motion to add MetLife as a defendant. Therefore, Jones is not entitled to add MetLife as a defendant at this point in the proceedings.

**AFFIRMED.**